# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MEGAN JORDAN                                        :
                              Plaintiff,     :
                                        :
     vs.                                          :          No. 02-CV-5312
                                        :
NATIONWIDE MUTUAL INSURANCE                         :
COMPANY,                                            :
                                        :
                     Defendant.     :

## ORDER

AND NOW, this         day of                , 2003, upon consideration of the Motion of Defendant, the Nationwide Mutual Insurance Company, to Compel the Deposition of Harry Dorian, Esquire, and any response thereto, it is hereby **ORDERED** and **DECREED** that defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Harry Dorian, Esquire shall appear for deposition within ten (10) days of the date of this Order.

BY THE COURT:

_____
                                             , J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MEGAN JORDAN | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. 02-CV-5312 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO COMPEL DEPOSITION**
**OF HARRY DORIAN, ESQUIRE**

Defendant, the Nationwide Mutual Insurance Company, moves for an Order compelling the deposition of Harry Dorian, Esquire, and in support thereof avers as follows:

1.      Plaintiff, Megan Jordan, alleges extra-contractual bad faith in the handling and adjustment of her claim for underinsured motorist benefits arising from a policy of insurance issued by the defendant, the Nationwide Mutual Insurance Company.

2.      Harry Dorian, Esquire was the attorney for plaintiff, Megan Jordan, in the underinsured motorist claim.

3.      On August 1, 2003, defendant requested dates on which to conduct the depositions of, among others, Mr. Dorian.  Attached as Exhibit "A" is a copy of that correspondence.

4.      Plaintiff's counsel represented to counsel for defendant on several occasions in discovery that the deposition of Mr. Dorian would be scheduled and completed prior to the discovery deadline of September 15, 2003.

5.     In reliance on counsel's representations, defendant Nationwide did not formally subpoena Mr. Dorian; rather, defendant continued to work with counsel for plaintiff to schedule that deposition.

6.     Defendant, the Nationwide Mutual Insurance Company, is prejudiced by the failure of Mr. Dorian to appear for deposition, particularly in light of the September 15, 2003 discovery deadline.

7.     Mr. Dorian will have relevant testimony regarding his representation of plaintiff, Megan Jordan, during the underinsured motorist claim from which plaintiff's allegations of bad faith arise.

8.     Defendant had hoped to address the issues raised in this and other discovery motions being filed with the Court, without resorting to motion practice.  Attached as Exhibit "B" is a copy of Defendant's recent correspondence to the Court.  Attached as Exhibit "C" is a copy of Defendant's Motion, with the consent of plaintiff, to Extend Deadlines and Establish a Date Certain for Trial.

9.     Plaintiff, however, after initially indicating an interest in resolving these disputes by requesting a joint conference with the Court, has filed additional discovery motions and thus left Defendant with no choice but to move to compel the deposition of Mr. Dorian.

**WHEREFORE**, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter the attached Order compelling Harry Dorian, Esquire to appear for deposition within ten (10) days of the date of the Court's Order.

SWARTZ CAMPBELL LLC

_____

James C. Haggerty, Esquire
James C. King, Esquire
Identification Nos. 30003/71498

1601 Market Street, 34th Floor
Philadelphia, PA  19103-2316
(215) 564-5190
(215) 299-4301 (fax)

Attorneys for Defendant,
Nationwide Mutual Insurance Company

Dated: September 16, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MEGAN JORDAN                                    :
                    Plaintiff,          :
                                :
     vs.                                        :          No. 02-CV-5312
                                :
NATIONWIDE MUTUAL INSURANCE        :
COMPANY,                                        :
                                :
                Defendant.          :

## <u>CERTIFICATION OF COUNSEL</u>

     I, James C. King, hereby certify that the parties, after reasonable effort, are unable to

resolve the dispute described in the accompanying Motion.


                    SWARTZ CAMPBELL LLC


                    _____

                    James C. King, Esquire

                    Attorneys for Defendant,
                    Nationwide Mutual Insurance Company

Dated:  September 16, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MEGAN JORDAN                              :
                Plaintiff,       :
                                      :
vs.                                       :         No. 02-CV-5312
                                        :
NATIONWIDE MUTUAL INSURANCE                :
COMPANY,                                   :
                                        :
                Defendant.      :

**BRIEF IN SUPPORT OF THE MOTION TO COMPEL**
**THE DEPOSITION OF HARRY DORIAN, ESQUIRE**

Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court grant the Motion to Compel the Deposition of Harry Dorian, Esquire. Federal Rule of Civil Procedure 30(a) permits the taking of his deposition. See F.R.C.P. 30(a). Plaintiff has not moved for a protective order or otherwise objected to the taking of the deposition. Federal Rule of Civil Procedure 37 permits defendant to file a Motion to Compel the requested deposition. See F.R.C.P. 37(a) & (d). In addition, Federal Rule of Civil Procedure 26 permits a court, for good cause, to order the discovery of any relevant matter. See F.R.C.P. 26(b)(1).

The deposition of Harry Dorian, Esquire was requested by letter dated August 1, 2003 and thereafter was discussed on several occasions in conversation between counsel for plaintiff and counsel for defendant. Despite representations by plaintiff's counsel that the deposition would be scheduled and completed before the discovery deadline, the deposition has not been completed. Again, based on counsel's representations, defendant did not subpoena Mr. Dorian; rather, defendant understood that Mr. Dorian was to be produced for deposition, and counsel for plaintiff and defendant had several conversations about the scheduling of that deposition.

Therefore, a Motion to Compel the Deposition of Mr. Dorian is appropriate.

Defendant had hoped to address the issues raised in this and other discovery motions being filed with the Court, without resorting to motion practice.  Plaintiff, however, after initially indicating an interest in resolving these disputes by requesting a joint conference with the Court, has filed additional discovery motions, and thus left Defendant with no choice but to move to compel Mr. Dorian's deposition.

Accordingly, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter an Order compelling Harry Dorian, Esquire to appear for deposition within ten (10) days, at a date and time to be agreed among counsel and the parties.

**WHEREFORE**, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter an Order compelling Harry Dorian, Esquire to appear for deposition within ten (10) days, at a date and time to be agreed among counsel and the parties.

Respectfully submitted,

SWARTZ CAMPBELL LLC

_____

James C. Haggerty, Esquire
James C. King, Esquire
Identification Nos. 30003/71498

1601 Market Street, 34th Floor
Philadelphia, PA  19103-2316
(215) 564-5190
(215) 299-4301 (fax)

Attorneys for Defendant,
Nationwide Mutual Insurance Company

Dated: September 16, 2003

-2-

## CERTIFICATION OF SERVICE

I hereby certify that on this day I am serving the foregoing Motion to Compel Deposition by fax and regular mail upon the following counsel of record:


Charles K. Graber, Esquire
Ochroch & Graber, P.C.
318 South 16th Street
Philadelphia, PA 19102


SWARTZ CAMPBELL LLC



_____

James C. Haggerty, Esquire
James C. King, Esquire
Identification Nos. 30003/71498

1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 564-5190
(215) 299-4301

Attorneys for Defendant,
Nationwide Mutual Insurance Company



Dated: September 16, 2003