IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN JORDAN | : | |
|       Plaintiff, | : | |
| | : | |
| vs. | : | No. 02-CV-5312 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | |
| | : | |
|       Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion of Defendant, the Nationwide Mutual Insurance Company, to Compel the Depositions of Mark Zlock, Karen Zlock and Katie Jordan, and any response thereto, it is hereby **ORDERED** and **DECREED** that defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Mark Zlock, Karen Zlock and Katie Jordan shall appear for their depositions within ten (10) days of the date of this Order.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN JORDAN | : | |
|       Plaintiff, | : | |
| | : | |
| vs. | : | No. 02-CV-5312 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | |
| | : | |
|       Defendant. | : | |

**MOTION TO COMPEL DEPOSITIONS OF
MARK ZLOCK, KAREN ZLOCK AND KATIE JORDAN**

Defendant, the Nationwide Mutual Insurance Company, moves for an Order compelling the depositions of Mark Zlock, Karen Zlock and Katie Jordan, and in support thereof avers as follows:

1. Plaintiff, Megan Jordan, alleges extra-contractual bad faith in the handling and adjustment of her claim for underinsured motorist benefits arising from a policy of insurance issued by the defendant, the Nationwide Mutual Insurance Company.

2. Mark Zlock and Karen Zlock are the parents of plaintiff, Megan Jordan, and are the holders of the Nationwide Mutual Insurance Company policy pursuant to which their daughter's underinsured motorist claim was made.

3. Katie Jordan is the sister of plaintiff, Megan Jordan, and also presented a claim for underinsured motorist benefits arising from the same motor vehicle accident from which her sister's claim was made.

4.	On June 26, 2003, defendant, the Nationwide Mutual Insurance Company, noticed the deposition of plaintiff's parents for August 21, 2003.  Copies of the Notices of Deposition and enclosure letter are attached as Exhibit "A".

5.	On August 1, 2003, defendant requested dates on which to conduct the depositions of, among others, plaintiff's sister, Katie Jordan.  Attached as Exhibit "B" is a copy of that correspondence.

6.	At the request of plaintiff's counsel, the depositions of plaintiff's parents did not take place on August 21, 2003.

7.	Plaintiff's counsel represented to counsel for defendant on several occasions in discovery that the depositions of the plaintiff's parents and sister would be scheduled and completed prior to the discovery deadline of September 15, 2003.

8.	In reliance on counsel's representations, defendant Nationwide did not formally subpoena plaintiff's parents or sister.  Instead, defendant sent Notices of Deposition to counsel for plaintiff, to which Notices no objections were ever made.

9.	Defendant, the Nationwide Mutual Insurance Company, is prejudiced by the failure of plaintiff's parents and sister to appear for their depositions, particularly in light of the September 15, 2003 discovery deadline.

10.	Plaintiff's parents will have relevant testimony regarding their daughter's damages, medical treatment, and the defendant's alleged bad faith handling of her underinsured motorist claim.

11. Plaintiff's sister, Katie Jordan, whose underinsured motorist claim also went to arbitration and resulted in an award of only $12,500.00 in addition to her tort recovery of $87,500.00. Katie Jordan did not bring a bad faith claim against defendant. Katie Jordan will have relevant testimony concerning her sister's damages, medical treatment, and how, if at all, the handling of her underinsured motorist claim by defendant differed from the alleged bad faith handling of her sister's underinsured motorist claim.

12. Defendant had hoped to address the issues raised in this and other discovery motions being filed with the Court, without resorting to motion practice. Attached as Exhibit "C" is a copy of Defendant's recent correspondence to the Court. Attached as Exhibit "D" is a copy of Defendant's Motion, with the consent of plaintiff, to Extend Deadlines and Establish a Date Certain for Trial.

13. Plaintiff, however, after initially indicating an interest in resolving these disputes by requesting a joint conference with the Court, has filed additional discovery motions and thus left Defendant with no choice but to move to compel the depositions of plaintiff's parents and sister.

**WHEREFORE**, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter the attached Order compelling Mark Zlock, Karen Zlock and Katie Jordan to appear for deposition within ten (10) days of the date of the Court's Order.

SWARTZ CAMPBELL LLC

_____
James C. Haggerty, Esquire
James C. King, Esquire
Identification Nos. 30003/71498

1601 Market Street, 34th Floor
Philadelphia, PA  19103-2316
(215) 564-5190
(215) 299-4301 (fax)

Attorneys for Defendant,
Nationwide Mutual Insurance Company

Dated: September 16, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN JORDAN : | |
|       Plaintiff, : | |
| : | |
| vs. : | No. 02-CV-5312 |
| : | |
| NATIONWIDE MUTUAL INSURANCE : | |
| COMPANY, : | |
| : | |
|       Defendant. : | |

### CERTIFICATION OF COUNSEL

I, James C. King, hereby certify that the parties, after reasonable effort, are unable to resolve the dispute described in the accompanying Motion.

SWARTZ CAMPBELL LLC

_____
James C. King, Esquire

Attorneys for Defendant,
Nationwide Mutual Insurance Company

Dated: September 16, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN JORDAN : | |
|       Plaintiff, : | |
| : | |
| vs. : | No. 02-CV-5312 |
| : | |
| NATIONWIDE MUTUAL INSURANCE : | |
| COMPANY, : | |
| : | |
|       Defendant. : | |

### BRIEF IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS OF MARK ZLOCK, KAREN ZLOCK AND KATIE JORDAN

Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court grant the Motion to Compel the Depositions of Mark Zlock, Karen Zlock and Katie Jordan. Federal Rule of Civil Procedure 30(a) permits the taking of those depositions. See F.R.C.P. 30(a). Plaintiff has not moved for a protective order or otherwise objected to the taking of those depositions. Federal Rule of Civil Procedure 37 permits defendant to file a Motion to Compel the requested depositions. See F.R.C.P. 37(a) & (d). In addition, Federal Rule of Civil Procedure 26 permits a court, for good cause, to order the discovery of any relevant matter. See F.R.C.P. 26(b)(1).

The depositions of plaintiff's parents, Mark Zlock and Karen Zlock, were properly noticed for August 21, 2003, canceled by plaintiff, and, despite several representations by plaintiff's counsel that the depositions would be scheduled and completed before the discovery deadline, the depositions have not been completed. In addition, based on counsel's representations, defendant did not subpoena the parents; rather, defendant noticed their depositions and provided that notice to counsel for plaintiff. Therefore, a Motion to Compel the

Deposition of plaintiff's parents and sister is appropriate.

Katie Jordan is the sister of plaintiff, Megan Jordan, and also presented a claim for underinsured motorist benefits arising from the same motor vehicle accident from which her sister's claim was made. Katie Jordan's underinsured motorist claim was arbitrated and resulted in an award of only $12,500.00 in addition to her tort recovery of $87,500.00. Plaintiff's counsel represented that he would produce Katie Jordan for deposition, but to date has not provided dates as requested by defendant on which to complete that deposition. Again, in reliance on counsel's representations, defendant Nationwide did not formally notice or subpoena Katie Jordan's deposition.

Plaintiff's parents will have relevant testimony regarding their daughter's damages, medical treatment, and the defendant's alleged bad faith handling of her underinsured motorist claim. Katie Jordan will have relevant testimony concerning her sister's damages, medical treatment, and how, if at all, the handling of her underinsured motorist claim by defendant differed from the alleged bad faith handling of her sister's underinsured motorist claim.

Defendant had hoped to address the issues raised in this and other discovery motions being filed with the Court, without resorting to motion practice. Plaintiff, however, after initially indicating an interest in resolving these disputes by requesting a joint conference with the Court, has filed additional discovery motions, and thus left Defendant with no choice but to move to compel the depositions of plaintiff's parents and sister.

Accordingly, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter an Order compelling Mark Zlock, Karen Zlock and Katie Jordan to appear for deposition within ten (10) days, at a date and time to be agreed among

counsel and the parties.

**WHEREFORE**, Defendant, the Nationwide Mutual Insurance Company, respectfully requests that this Honorable Court enter an Order compelling Mark Zlock, Karen Zlock and Katie Jordan to appear for deposition within ten (10) days, at a date and time to be agreed among counsel and the parties.

        Respectfully submitted,

        SWARTZ CAMPBELL LLC

        _____
        James C. Haggerty, Esquire
        James C. King, Esquire
        Identification Nos. 30003/71498

        1601 Market Street, 34th Floor
        Philadelphia, PA  19103-2316
        (215) 564-5190
        (215) 299-4301 (fax)

        Attorneys for Defendant,
        Nationwide Mutual Insurance Company

Dated:  September 16, 2003

## CERTIFICATION OF SERVICE

I hereby certify that on this day I am serving the foregoing Motion to Compel Depositions by fax and regular mail upon the following counsel of record:

        Charles K. Graber, Esquire
        Ochroch & Graber, P.C.
        318 South 16th Street
        Philadelphia, PA 19102

        SWARTZ CAMPBELL LLC

        _____
        James C. Haggerty, Esquire
        James C. King, Esquire
        Identification Nos. 30003/71498

        1601 Market Street, 34th Floor
        Philadelphia, PA 19103-2316
        (215) 564-5190
        (215) 299-4301

        Attorneys for Defendant,
        Nationwide Mutual Insurance Company

Dated: September 16, 2003