IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN JORDAN | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | No. 02-CV-5312 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | |

**ANSWER OF DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY TO MOTION FOR SANCTIONS**

The defendant, Nationwide Mutual Insurance Company ("Nationwide"), opposes the Motion for Sanctions and avers as follows:

**Personnel File**

The November 14, 2003 Order of the Court requires the production for in-camera review by the Court of the personnel file of Fran King, along with a Privilege Log. The defendant, Nationwide, has produced to the Court the entire personnel file of Fran King. In addition, the defendant, Nationwide, has produced the Personnel File Privilege Log and a proposed Confidentiality Order. As such, the Motion for Sanctions is moot.

In the present matter, the plaintiff requested the personnel file of Fran King in light of the circumstances surrounding his discharge from the defendant, Nationwide. Fran King testified that he was discharged from the employ of the defendant, Nationwide, because of allegations of harassment and hostile environment. The

defendant, Nationwide, objects to the production of any personnel file materials. Nonetheless, the defendant, Nationwide, has produced, pursuant to the Confidentiality Order to be entered, all portions of the personnel file pertaining to the discharge of Fran King from employment with the defendant, Nationwide.

In this matter, the personnel file materials were not produced in accordance with the timetable established by the Court. In fact, the parties have sought extensions of the timetable set forth in the Order. These requests were initiated by counsel for the plaintiff. The defendant, Nationwide, failed to produce the personnel file in the time imposed by the Order. The failure to comply with the timetable in producing the personnel file is solely the responsibility of counsel for the defendant. End of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate.

## Notes of Testimony

The November 14, 2003 Order of the Court required that Notes of Testimony of depositions of Jack L. Bowling, Jr., claim representative of the defendant, Nationwide, be produced. The Notes of Testimony of these depositions were obtained and made available to counsel for the plaintiff.

## Bad Faith Actions

The November 14, 2003 Order of the Court also required production of a list of all lawsuits from January 1, 1999 filed against the defendant, Nationwide, in the Commonwealth of Pennsylvania containing an allegation of bad faith. The

defendant, Nationwide, has made available to counsel for the plaintiff a list of all bad faith claims filed against the defendant, Nationwide, in the Commonwealth of Pennsylvania providing the following information:

>Claim Number
>Loss Date
>Company
>Plaintiff Name
>Defendant
>County
>Date Filed
>Plaintiff Counsel

The list is 12 pages with approximately 550 separate matters for which information has been given.

 The bad faith lawsuit information has been provided. The pertinent information was not provided, however, within the time frame established by the Order of the Court. Again, this failure was the result of the actions of counsel for the defendant, Nationwide. As noted above, end of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate.

**<u>Uninsured/Underinsured Claims</u>**

 The November 14, 2003 Order of the Court requires the production of a list of claims for uninsured and underinsured motorist benefits in the Commonwealth of Pennsylvania from January 1, 1999. The information in question is being obtained and will be produced shortly. The failure to produce the information is not the fault

of the defendant, Nationwide. Instead, failure to produce the information in question is a result of the inadvertent neglect of counsel for the defendant, Nationwide. In this regard, end of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate. It is anticipated that the information will be produced within ten (10) days.

**Depositions**

The November 14, 2003 Order of the Court also requires that certain depositions be conducted. The plaintiff was to make available the following persons for deposition:

> Megan Jordan
> Mother of Plaintiff
> Father of Plaintiff
> Katie Jordan (Sister of Plaintiff)
> Harry Dorian

At the same time, the defendant, Nationwide, was to make available the following individual for deposition:

> John F. Thome, Jr.

The deposition of the plaintiff, Megan Jordan, has been conducted. The depositions of Harry Dorian and John F. Thome, Jr. have been scheduled and will be conducted within the next week. The depositions of the others remain to be conducted. Originally, counsel for the plaintiff agreed to produce these witnesses. The defendant sought on numerous occasions to schedule these depositions. After these attempts, counsel for the plaintiff then stated, despite his prior representations, that he would

render no assistance in scheduling these depositions. Instead, counsel for the plaintiff advised that the defendant would need to schedule these witnesses (who are out-of-state) without his assistance. Thus, the plaintiff has violated the letter and spirit of the Order of the Court. As a result, the defendant, Nationwide, is filing a separate Motion for Sanctions in this regard. The actions of counsel for the plaintiff, in filing a Motion for Sanctions, while at the same time, failing to comply with that same Order, are patently disingenuous.

WHEREFORE, the defendant, Nationwide Mutual Insurance Company, respectfully requests that the Motion for Sanctions be denied.

        SWARTZ CAMPBELL LLC

        _____
        James C. Haggerty, Esquire
        Attorney I.D. No. 30003
        1601 Market Street, 34th Floor
        Philadelphia, PA 19103
        (215) 564-5190

        Attorney for Defendant,
        Nationwide Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN JORDAN : | |
|       Plaintiff, : | |
| : | |
| vs. : | No. 02-CV-5312 |
| : | |
| NATIONWIDE MUTUAL INSURANCE : | |
| COMPANY, : | |
| : | |
|       Defendant. : | |

## **MEMORANDUM OF LAW**

**FACTS**

The present action involves a claim seeking recovery of extra-contractual bad faith damages in connection with the handling of the plaintiff's underinsured motorist claim. In this regard, the plaintiff maintains the position that the defendant, Nationwide, purposefully and willfully undervalued the claim.[1] In this regard, discovery has been ongoing. Various disputes have arisen. Following the filing of Motions and various conferences, the Court entered an Order, by agreement of the parties, on November 14, 2003.

The November 14, 2003 Order of the Court required certain discovery to be conducted in aide of further settlement discussions. That Order required production

---

[1] Interestingly, the same claim representatives, at the same time, valued the claim of the sister of the plaintiff. The evaluation of the claim of the plaintiff's sister by the defendant, Nationwide, was greatly in excess of the eventual arbitration award. Obviously, no bad faith is claimed here.

of certain information and documentation as well as the completion of certain depositions. While the defendant, Nationwide, has substantially complied with the Order of the Court, the plaintiff has not complied with the discovery requirements imposed by that Order. Nonetheless, the plaintiff seeks sanctions. This request is inappropriate.

**ARGUMENT**

    **(a)**    **Generally**

In the present action, the parties have attempted to work together in scheduling and completing discovery. On November 14, 2003, an Order was entered, by agreement of the parties, with respect to discovery disputes in light of the rulings by the Court. The parties thereafter experienced difficulty in complying with the time frames set forth therein. Accordingly, correspondence was addressed by the plaintiff to the Court requesting additional time to complete the discovery requirements. Despite the failure of counsel for the plaintiff to comply with the Order, counsel for the plaintiff has filed a Motion for Sanctions. The Motion is improper and inappropriate.[2]

    **(b)**    **Requirements of Defendant**

        **(1)**    **Personnel File**

The November 14, 2003 Order of the Court required the in-camera production of the personnel file of Fran King, along with a Privilege Log. The defendant,

---

[2] Counsel for the plaintiff has failed to comply with the requirements of the Order. Counsel for the plaintiff has not produced the designated witnesses for depositions. At the same time, the plaintiff is seeking sanctions for the alleged non-compliance of the defendant, Nationwide. Such actions are disingenuous.

Nationwide, has produced to the Court the entire personnel file of Fran King. In addition, the defendant, Nationwide, has produced the Personnel Privilege Log and a proposed Confidentiality Order. As such, the Motion for Sanctions is moot.

In this matter, the personnel file materials were not produced in accordance with the timetable established by the Court. The failure to comply with the timetable is solely the responsibility of counsel for the defendant. End of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate.

### (2) Notes of Testimony

The November 14, 2003 Order of the Court required that Notes of Testimony of depositions of Jack L. Bowling, Jr., claim representative of the defendant, Nationwide, be produced. The Notes of Testimony of these depositions were obtained and made available to counsel for the plaintiff.

### (3) Bad Faith Actions

The November 14, 2003 Order of the Court also required production of a list of all lawsuits filed against the defendant, Nationwide, in the Commonwealth of Pennsylvania containing an allegation of bad faith from January 1, 1999. The defendant, Nationwide, has made available to counsel for the plaintiff a list of all bad faith claims filed against the defendant, Nationwide, in the Commonwealth of Pennsylvania providing the following information:

    Claim Number
    Loss Date

        Company
        Plaintiff Name
        Defendant
        County
        Date Filed
        Plaintiff Counsel

The list is 12 pages with approximately 550 separate matters for which information has been given.

    The bad faith lawsuit information has been provided. The pertinent information was not provided, however, within the time frame established by the Order of the Court. Again, this failure was the result of the actions of counsel for the defendant, Nationwide. As noted above, end of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate.

        **(4)   Uninsured/Underinsured Claims**

    The November 14, 2003 Order of the Court requires the production of a list of claims for uninsured and underinsured motorist benefits in the Commonwealth of Pennsylvania from January 1, 1999. The information in question is being obtained and will be produced shortly. The failure to produce the information is not the fault of the defendant, Nationwide. Instead, failure to produce the information in question is a result of the inadvertent neglect of counsel for the defendant, Nationwide. In this regard, end of year issues within the firm management prevented counsel from attending to the matter at hand. Counsel for the defendant sincerely apologizes for any inadvertent neglect in this regard. Sanctions are not appropriate. It is

anticipated that the information will be produced within ten (10) days.

**(5)  Deposition**

The November 14, 2003 Order of the Court required that the defendant make John Thome available for depositions. The deposition of Mr. Thome is being conducted on January 8, 2004.

**(c)  Requirements of Plaintiff**

The November 14, 2003 Order of the Court also requires that certain witnesses of the plaintiff be made available for depositions. The plaintiff was to make available the following persons for deposition:

> Megan Jordan
> Mother of Plaintiff
> Father of Plaintiff
> Katie Jordan (Sister of Plaintiff)
> Harry Dorian

The deposition of the plaintiff, Megan Jordan, has been conducted. The deposition of Harry Dorian is scheduled to be conducted on January 13, 2004. The plaintiff, however, has refused to schedule the depositions of the plaintiff's mother, the plaintiff's father and Katie Jordan (plaintiff's sister). Originally, the counsel for the plaintiff agreed to make the witnesses available. The defendant sought on numerous occasions to schedule these depositions. Counsel for the plaintiff then stated, despite his prior representations, that he would not make the witnesses available for depositions. Instead, the defendant was advised to make arrangements for these out-of-state witnesses. The plaintiff has failed to abide by the letter and spirit of the Order of the Court. As a result, the defendant, Nationwide, is filing a separate

Motion for Sanctions in this regard. The actions of counsel for the plaintiff, in filing a Motion for Sanctions, while at the same time, failing to comply with that same Order, are patently disingenuous.

        Respectfully,

        SWARTZ CAMPBELL LLC

        _____
        James C. Haggerty, Esquire
        Attorney I.D. No. 30003
        1601 Market Street, 34th Floor
        Philadelphia, PA 19103
        (215) 564-5190

        Attorney for Defendant,
        Nationwide Mutual Insurance Company

## **CERTIFICATION OF SERVICE**

    I do hereby certify that on this day I am serving the foregoing Answer to Motion to Compel pursuant to Federal Rule of Civil Procedure 56(c) by hand delivery upon the following counsel of record:

Charles Graber, Esquire
Ochroch & Graber, P.C.
318 South 16th Street
Philadelphia, PA 19102


                                SWARTZ, CAMPBELL & DETWEILER

                                _____
                                James C. Haggerty, Esquire
                                Attorney I.D. No. 30003
                                1601 Market Street, 34th Floor
                                Philadelphia, PA 19103
                                (215) 564-5190

                                Attorney for Defendant,
                                Nationwide Mutual Insurance Company

Dated: January 7, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN JORDAN | : | |
|       Plaintiff, | : | |
| | : | |
| vs. | : | No. 02-CV-5312 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | |
| | : | |
|       Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiff's Motion for Sanctions Against Defendant, Nationwide Mutual Insurance Company, it is hereby,

ORDERED AND DECREED that Motion is denied.

_____
                                                     J.